

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONNIE CLARKE,

      Plaintiff,

v.                                    Civil Action No. 3:15-CV-374

VIRGINIA STATE UNIVERSITY,

      Defendant.

### MEMORANDUM OPINION

This matter is before the Court on Defendant's MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 11). For the reasons set forth herein, Defendant's motion will be granted.

### BACKGROUND

Ronnie Clarke ("Clarke"), acting _pro se_, filed a Complaint alleging that Virginia State University ("VSU") has perpetrated "blatantly discriminatory and consistently retaliatory acts" against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e _et seq._ (Complaint ("Compl.", ECF No. 3) at 1).[1] Like Clarke's numerous other recent _pro se_ Complaints

---

[1] Clarke's three-page Complaint is written in meandering prose, split into only four jumbled and unnumbered paragraphs, despite Fed. R. Civ. P. 10(b)'s requirement that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Therefore, citations to the Complaint refer to page numbers rather than paragraph numbers.

filed in this Court,[2] this action arises out of the denial of several of Clarke's applications for employment. Although convoluted, the Complaint essentially devolves into two claims. First, Clarke alleges that VSU's repeated failures to hire him constituted unlawful discrimination. (Compl. at 2). Second, Clarke claims that VSU unlawfully retaliated against him because he filed a charge with the Equal Employment Opportunity Commission ("EEOC") by continuing to refuse to hire him for positions for which he applied after the EEOC charge was filed.[3] Id.

During 2013 and 2014, Clarke allegedly "applied for at least 10 open positions with the Defendants [sic]" for which he

---

[2] See Clarke v. City of Petersburg et al., Case No. 3:15-cv-470; Clarke v. Petersburg City Pub. Sch., Case No. 3:14-cv-517; Clarke v. Petersburg City Pub. Sch., 3:14-cv-239; Clarke v. Petersburg City Pub. Sch., Case No. 3:13-cv-333; Clarke v. Petersburg City Pub. Sch. et al., Case No. 3:11-cv-164; Clarke v. Richmond Behavioral Authority et al., Case No. 3:10-cv-861; Clarke v. Richmond Behavioral Health Authority et al., Case No. 3:09-cv-743; Clarke v. Ashby et al., Case No. 3:07-cv-574.

[3] Clarke also states that, during two interviews with VSU, "the collective members of the interview panel [wrote] slandered and libelous information designed exclusively to damage any chances of [his] employment with the Defendants" in Clarke's interview evaluations. VSU's reply brief, in an abundance of caution, points out that the Complaint fails to state a claim for defamation, because Clarke alleges no facts tending to show that any statements made in his interview evaluations were false or damaging, nor does it allege that the statements were ever published. (ECF No. 14). The excerpted statement is the only mention of the possible defamation issue in the Complaint, and the Court finds that the Complaint does not present a defamation claim. Therefore, this Opinion does not further address a defamation claim.

met the minimum qualifications.  Id. at 2.  Clarke received interviews for two of those positions, but in both of those instances, he did not receive the job.  Id.  Clarke also alleges that he was briefly employed by VSU "in a contractual manner" in October of 2013, but provides no further detail concerning the nature or duration of this employment.  Id.

After failing in several efforts to obtain employment with VSU, Clarke filed a charge of discrimination with the EEOC on April 2, 2014, which alleges that Clarke was "being discriminated and retaliated against because of [his] age, 41, in violation of the Age Discrimination in Employment Act of 1967, as amended, and in violation of Title VII of the Civil Rights Act of 1964, as amended because I spoke up about this employer's hiring practices."  (ECF No. 12-1).  The EEOC dismissed the charge on March 19, 2015.  (ECF No. 3-1).  After filing the EEOC charge, but before it was resolved, Clarke was interviewed for another position with VSU on October 24, 2014. (Compl. at 2).  Clarke ultimately was not hired for that position either.

Clarke seeks "the maximum punitive and compensatory damages available" under Title VII, as well as reimbursement for the cost of his Master's degree, the pursuit of which he abandoned "when it finally became painfully obvious" that VSU would not hire him.  (Compl. at 3).  He also seems to ask for an

3

injunction, stating that he is "seeking intensive training and development to be enforced co-jointly by this Honorable Court as well as the Equal Employment Opportunity Commission as part of the remedy process to help ensure such blatantly illegal and unethical behaviors do not reoccur." Id.

VSU seeks to dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Clarke has failed to plead facts sufficient to support his claims.

## DISCUSSION

### I. Standard of Review

As a threshold matter, the Court recognizes that Clarke's pro se status entitles his pleadings to a liberal construction. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[e]ven pro se plaintiffs must recognize Rule 8's vision for 'a system of simplified pleadings that give notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issues to be litigated, and provide a means for quick dispositions of sham claims.'" Sewraz v. Guice, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008) (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)). The requirement of liberal construction "does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court." Skelton v. EPA,

4

2009 WL 2191981, at *2 (D.S.C. July 16, 2009) (citing <u>Weller v.</u>
<u>Dept. of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990)). Finally,
the basic pleading standards set by <u>Bell Atlantic v. Twombly</u>,
550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009)
that foreclose conclusory, factually unsupported claims apply to
<u>pro se</u> litigants.

Fed. R. Civ. P. 12(b)(6) permits a party to move for
dismissal of a claim if the complaint fails "to state a claim
upon which relief can be granted." Fed. R. Civ. P. 8(a)(2)
requires "a short and plain statement of the claim" showing that
the pleader is entitled to relief. "To survive a motion to
dismiss, a complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible
on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550
U.S. at 570).

Courts should assume the veracity of all well-pleaded
allegations in the Complaint, and should deny a motion to
dismiss where those well-pleaded allegations state a plausible
claim for relief. <u>Id.</u> at 679. A claim is "plausible" when the
plaintiff pleads facts sufficient to allow the court to draw the
reasonable inference that the defendant is liable for the
alleged misconduct. <u>Twombly</u>, 550 U.S. at 556. The court should
grant a motion to dismiss, however, where the allegations are
nothing more than legal conclusions, or where they permit a

5

court to infer no more than a possibility of misconduct.  Iqbal,
556 U.S. at 678-79.

Although courts generally do not consider extrinsic
evidence in deciding motions under Rule 12(b)(6), "a court may
consider...documents central to a plaintiff's claim, and
documents sufficiently referred to in the complaint without
converting the [motion] into one for summary judgment, so long
as the authenticity of the documents is not disputed."  PBM
Nutritionals, LLC v. Dornoch Ltd., 667 F. Supp. 2d 621, 626
(E.D. Va. 2009) (citing Witthohn v. Fed. Ins. Co., 164 F. App'x
396, 396 (4th Cir. 2006)).

## II.  Title VII Claims

Clarke alleges that he was unlawfully discriminated against
and retaliated against, in violation of Title VII, when he was
rejected for multiple positions by VSU, both before and after he
filed a charge with the EEOC.  Because, however, Clarke has
failed to plead facts sufficient to support either of these
claims, VSU's motion to dismiss will be granted.

### A. Claims that Have Not Been Presented to the EEOC

The Court lacks subject matter jurisdiction over
discrimination claims that were not presented to the EEOC before
this case was filed.  See Jones v. Calvert Grp., Ltd., 551 F.3d
297, 300 (4th Cir. 2009).  To the extent that the Complaint
intends to present claims that have not been first presented to

6

the EEOC, the Court lacks subject matter jurisdiction and they will be dismissed without prejudice.[4]

## B. Discrimination

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Absent direct evidence of discrimination, a prima facie case of discrimination under Title VII is alleged if a plaintiff pleads that: (1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. Brown v. McLean, 159 F.3d 898, 902 (4th Cir. 1998) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Where the plaintiff alleges discrimination in the employer's failure to hire him, the plaintiff must show that he was rejected in favor of someone

---

[4]  Clarke is admonished that if such claims have not been presented to the EEOC within 180 calendar days after the conduct occurred, the claim is barred by the statute of limitations, and any presentation of such claims could lead to sanctions. This warning is considered to be necessary because of Clarke's demonstrated propensity to pursue claims arising out of the facts alleged here without regard to their merit.

outside the protected class.    See McDonnell Douglas, 411 U.S. at 801.

Clarke has alleged that he applied for several positions for which he was qualified.    However, he has failed to allege any specific facts to support either the first or the fourth of the above elements.    As an initial matter, the Complaint wholly fails to allege that Clarke is a member of a protected group under Title VII.    Indeed, Clarke fails to even mention any of the characteristics protected by Title VII in his Complaint.

Moreover, the Complaint does not allege that similarly situated applicants outside his class were treated more favorably, nor does it describe any other circumstances surrounding the application process that might permit the Court to infer discrimination.    Because Clarke has failed to allege which protected class he is a member of, he is necessarily unable to allege that others outside that class were treated more favorably.    Indeed, Clarke's rambling narrative of a Complaint does not identify the individuals who actually received the jobs for which Clarke applied.    In sum, the Complaint merely states, in conclusory fashion, that Clarke was denied several positions for which he was allegedly qualified. That allegation, standing alone, is insufficient to state a plausible discrimination claim.

8

Therefore, Clarke has failed to allege facts sufficient to support a prima facie case of discrimination under Title VII, and so his claim of discrimination must fail.

## C. Unlawful Retaliation

Title VII prohibits retaliation against employees who oppose discriminatory practices or make charges or otherwise participate in a Title VII hearing. 42 U.S.C. § 2000e-3(a). To establish a claim of unlawful retaliation under Title VII, a plaintiff must plead that: (1) he engaged in a protected activity; (2) he was subject to an adverse employment action as a result of that participation; and (3) a causal link existed between the protected activity and the employment action. Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (citation omitted). The filing of an EEOC charge is clearly a protected activity, and VSU concedes that Clarke suffered adverse employment action after he had filed the charge.[5] (Def. Mem. at 12). Clarke nonetheless has failed to plead that a sufficient connection existed between the failure to hire him and the filing of an EEOC charge.

---

[5] Clarke seems to allege that VSU's repeated refusals to hire him are all somehow "retaliatory." (Compl. at 2). However, prior to filing the EEOC charge, Clarke did not engage in any protected activity. Therefore, to the extent that Clarke is alleging that retaliation occurred prior to his filing the EEOC charge, his retaliation claim fails as a matter of law for failing to allege the first element of his retaliation claim.

9

To satisfy the causation element, a plaintiff must allege specific facts showing that the employer would not have taken the adverse employment action but for an intention to retaliate. Univ. of Tx. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528 (2013). The Complaint fails to make this allegation, but merely states that Clarke has been denied "at least 10 open positions with the Defendants in which [he] at least met minimum qualifications," and that these denials were "discriminatory as well as retaliatory." (Compl. at 2). That is inadequate as a matter of law.

Moreover, Clarke concedes that VSU repeatedly denied him employment both before and after the filing of the EEOC charge, further undermining any possible inference that the denial in October 2014 was causally related to the EEOC proceedings. With that in mind, Clarke's conclusory allegation that the denial of his application was retaliatory is entirely speculative and lacks factual support. Because Clarke has failed to plead a prima facie case of retaliation, this claim too will be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 11) will be granted and the Complaint will be dismissed.

It is so ORDERED.

_____/s/_____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:  February  4 , 2016